whether the claim should be allowed must be determined from the particular circumstances of the case. There can be no fixed rule governing all cases alike. In the absence of any direct proof of an express contract, the question which must be determined is whether it can be reasonably inferred that pecuniary compensation was in the view of the parties at the time when the services were rendered, or the support was furnished; and the solution of this question depends on a consideration of all the circumstances of the case."

In Ulrich v. Ulrich, 136 N. Y. 120, 123, 32 N. E. 606, 18 L. R. A. 37, it is said:

"The law does presume, where there is no proof of a contract under which the services were performed, that there was no promise or agreement to pay for them; that is, that they were gratuitous."

Other New York authorities are to the same effect. Moore v. Moore, 3 Abb. Dec. 303, s. c. 21 How. Prac. 211; Conger v. Van Aernum, 43 Barb. 602; Williams v. Hutchinson, 3 N. Y. 312, 53 Am. Dec. 301.

In view of the foregoing authorities and of the rule that claims of this character arising after the death of the person against whom they are made are to be scrutinized with great care and only admitted after clear and convincing testimony (Shakespeare v. Markham, 72 N. Y. 400; Kearney v. McKeon, 85 N. Y. 136; Matter of Marcellus, 165 N. Y. 70, 58 N. E. 796), we think the learned referee fell into error in deciding this case.

The judgment should be reversed on the law and on the facts, the referee discharged, and a new trial granted, with costs to the appellants to abide the event. All concur, except SEWELL, J., dissenting.

---

HAWKS v. WARREN et al.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

APPEAL AND ERROR (§ 817*)—HEARING.

The court will not permit attorneys to agree that plaintiff's appeal may be first heard, and that, in a certain event, defendant's appeal may afterwards be brought on for hearing.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 817.*]

Appeal from Judgment on Report of Referee.

Action by Mary G. Hawks against Charles F. Warren and others. From the judgment, plaintiff appeals. Appeal not considered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. C. Crowley, for appellant.
Bradley & Merritt and A. Edmund Lee, for respondents.

WILLIAMS, J. We should refuse to consider or determine the appeal as now presented to us.

No points are presented on the part of the respondents. Forty pages of points are presented on the part of the appellant. On page 5 of these points appears the statement that the respondents named in this record have also appealed from this judgment, but, by virtue

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of an agreement between the attorneys, they are not to appear in opposition to plaintiff's appeal, and, after a year in a certain event, they are to prosecute their appeal, which will require the making of a case and exceptions, while plaintiff's appeal is taken and presented here on the judgment roll, without any case and exceptions. I think this will not answer. All appeals that are to be presented from this judgment should be heard at the same time. The court will not permit the attorneys to agree that the plaintiff's appeal may be first heard, and, in a certain event, the defendant's appeal may afterwards be brought before the court for hearing.

The action was brought to determine conflicting claims to real property. Plaintiff was in possession, but had no legal title. She claimed to be the heir of the deceased owner by adoption, and also claimed under an agreement with the deceased owner that, if she would live with him and care for him, he would give her the property. The referee (now Judge Pound) decided there was no adoption that enabled plaintiff to inherit the property from the deceased, and that she was not entitled to judgment establishing any rights under the alleged contract, that the defendants were the heirs of the deceased owner, but were not entitled to a judgment barring the plaintiff's alleged rights in the property. The plaintiff wants us to determine the questions of law argued by her, and upon the referee's findings of fact order full judgment in her favor and against defendants, without hearing such defendants upon these questions. It is queer that the attorneys for defendants should have made the agreement referred to in the appellant's points and letter inclosed.

I am in favor of refusing to consider the appeal in view of this statement in the points and the letter, which we may assume to be true. All concur.

---

BRAINARD v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. RAILROADS (§ 282*)—QUESTION FOR JURY.

A car inspector employed by a railroad company to inspect the cars of defendant company which were to be delivered to his employer was instructed by the master of defendant's yard to inspect a number of cars, and, while he was inspecting them, he was injured, owing to another car being moved up against the string of cars that he was inspecting, which was done under the direction of one who was subject to the orders of the yardmaster. *Held*, that the question of negligence was one for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 918; Dec. Dig. § 282.*]

2. RAILROADS (§ 278*)—CONTRIBUTORY NEGLIGENCE.

Plaintiff knew that no flag or notice was put up indicating that he was at work inspecting the cars, and he did not notify the crew who were putting cars on the track, and did not look to see where the engine was. *Held*, that he was guilty of contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 895; Dec. Dig. § 278.*]

---